UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CRAIG TITUS,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>JAMES DZURENDA, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:18-cv-00146-MMD-CLB<br><br>ORDER |

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin (ECF No. 42) ("R&R"), recommending that the Court grant Defendants' motion for summary judgment ("Motion") (ECF No. 29). Plaintiff filed an objection to the R&R ("Objection").[1] (ECF No. 43.) As discussed further below, the Court agrees with Judge Baldwin's reasoning and adopts the R&R in full.

The Court adopts the facts outlined in the R&R (ECF No. 42 at 1-4) and does not recite them here.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also*

---

[1]The Court has also reviewed Defendants' response (ECF No. 44).

*United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Plaintiff's objection to the R&R, this Court has engaged in a *de novo* review to determine whether to adopt the R&R. Judge Baldwin found that Defendants are entitled to summary judgment because Plaintiff cannot establish: (1) deliberate indifference for his Eighth Amendment claim; or that (2) he is similarly situated to other inmates necessary to sustain his Fourteenth Amendment Equal Protection claim. (ECF No. 42 at 8-11.)

Plaintiff objects that Defendants know Plaintiff needs testosterone therapy treatment ("TRT"), but Plaintiff offers no supporting evidence other than pointing to his formal communications and grievances to Defendants. (ECF No. 43 at 4-6, 8.) To the contrary, Judge Baldwin found that the undisputed results of the three tests and Dr. Arana's declaration indicate that Plaintiff's testosterone levels are within the normal range for a male of his age and, therefore, he does not need TRT. (ECF No. 42 at 8-9.) *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (holding that prison officials are not deliberately indifferent simply because they prescribe a treatment that an inmate disagrees with). To the extent Plaintiff points to Dr. Adamson's statements that Plaintiff should receive TRT (ECF No. 42 at 6), Judge Baldwin correctly found that disagreement between medical professionals is not enough to establish deliberate indifference (ECF No. 43 at 9.) *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff also objects that he is being treated differently from transgender inmates who are receiving TRT. (ECF No. 43 at 5, 9.) But as Judge Baldwin pointed out, however, Plaintiff's testosterone level is at least thirty times higher than transgender inmate Nall, whom Plaintiff attempts to compare himself to. (ECF No. 42 at 10-11.)

Having reviewed briefs relating to the Motion and Plaintiff's Objection, the Court agrees with Judge Baldwin and will overrule Plaintiff's Objection and adopt the R&R in full.[2]

**III.     CONCLUSION**

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 42) is accepted and adopted in its entirety.

It is ordered that Defendants' motion for summary judgment (ECF No. 29) is granted.

It is further ordered that Plaintiff's motion for new and updated testing (ECF No. 37) is denied as moot.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 23rd day of July 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's Objection also discusses qualified immunity (ECF No. 43 at 7), but Judge Baldwin declined to address the issue because found that there was no Eighth or Fourteenth Amendment violation to begin with (ECF No. 42 at 11 n.4). As such, the Court declines to address qualified immunity here.